**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X

IN RE: GEOPHARMA, INC.       :     **OPINION AND ORDER**
SECURITIES LITIGATION

                           :     **04 Civ. 9463 (SAS)**

------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

This case is a putative securities fraud class action. On April 25, 2005, defendants sent a letter to the Court requesting a pre-motion conference to discuss a motion to transfer the action to the Middle District of Florida.[1] Plaintiffs responded to that letter on May 6, 2005.[2] Because these letters set forth the parties' grounds for their respective positions, I treat the letters as though defendants had made a formal motion to transfer the action pursuant to 28 U.S.C. § 1404 and plaintiffs had opposed that motion. For the following reasons, defendants' motion to transfer is denied.

## I.    LEGAL STANDARD

Section 1404 provides: "For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to

---

[1] *See* 4/25/05 Letter from Robert A. Scher to the Court ("Def. Letter").

[2] *See* 5/6/06 Letter from Mario Alba, Jr. to the Court ("Pl. Letter").

any other district or division where it might have been brought."[3] The defendant must make a "convincing showing" that the action would be better litigated elsewhere.[4] Relevant factors include the: (1) deference accorded to plaintiff's choice of forum; (2) convenience to witnesses and parties; (3) situs of operative facts; (4) interests of justice and judicial economy; (5) relative ease of access to sources of proof; (6) availability of process to compel unwilling witnesses; (7) relative means of the parties; and (8) forum's familiarity with the governing law.[5] Of these factors, plaintiff's choice of forum is usually given the greatest weight, but when the plaintiff is a nonresident and the operative facts bear little connection to the chosen forum, plaintiff's choice is shown less deference.[6] Moreover, in the class action context, plaintiff's choice of forum is given less deference "when a

---

[3]     28 U.S.C. § 1404.

[4]     *Alonso v. Saudi Arabian Airlines Corp.*, No. 98 Civ. 7781, 1999 WL 244102, at *6 (S.D.N.Y. 1998). *See also Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947) ("Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.").

[5]     *See Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998); *see also Gulf Oil*, 330 U.S. at 508.

[6]     *See Invivo Research Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433, 438 (S.D.N.Y. 2001); *see also Berman*, 30 F. Supp. 2d at 657-59.

plaintiff seeks to represent a widely dispersed class."[7]  However, "[a]ffording less deference to representative plaintiffs does not mean they are deprived of all deference in their choice of forum."[8]

## II. DISCUSSION

Under section 27 of the Securities Exchange Act of 1934, venue is proper wherever an alleged violation of the securities laws occurred, or wherever the defendant resides or transacts business.[9]  GeoPharma is located in the Middle District of Florida.[10]  GeoPharma's securities are traded on the NASDAQ National Market, located in the Southern District of New York, and plaintiffs allege that defendants' false and misleading statements were disseminated in New York.[11] Thus, plaintiffs could have brought their case in either the Middle District of Florida or the Southern District of New York.[12]

_____

[7]  *O'Hopp v. Confinancial Corp.*, 88 F. Supp. 2d 31, 35 (E.D.N.Y. 2000).

[8]  *Dirienzo v. Philip Servs. Corp.*, 294 F.3d 21, 28 (2d Cir. 2002).

[9]  *See* 15 U.S.C. § 78aa.

[10]  *See* Def. Letter at 1.

[11]  *See* Pl. Letter at 1, 2.

[12]  Indeed, because GeoPharma was a publicly traded company on the NASDAQ National Market and the alleged misstatements were widely disseminated and defrauded a nationwide class, plaintiffs could theoretically have

## A.    Plaintiff's Choice of Forum

Plaintiffs have chosen to bring suit in the Southern District of New York. Additionally, class counsel, who were approved by my Order of March 9, 2005, are located in the Southern District of New York. Although less deference is shown to the choice of venue of a class representative than that of an individual plaintiff, that choice should nonetheless be honored unless defendants make a "convincing showing" that venue should be changed.[13] This factor favors plaintiffs.

## B.    Convenience of the Witnesses

Defendants focus their analysis of this factor on their assertion that "[t]he key witnesses in this case are . . . officers and employees of Geopharma who participated in drafting and distributing these [allegedly fraudulent] statements."[14]

---

brought suit under section 27 in any district in the United States. *See, e.g., Ethanol Partners Accredited v. Wiener, Zuckerbrot, Weiss & Brecher*, 617 F. Supp. 308, 310 (E.D. Pa. 1985) (section 27 "vest[s] jurisdiction in every district where any use of [] instrumentalities of the mail or interstate commerce was of material importance to the consummation of the scheme").

[13]    *Cf. Goggins v. Alliance Capital Mgmt., L.P.*, 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003) (granting motion to transfer where similar action was pending in another district but applying "convincing showing" standard to securities fraud class action).

[14]    Def. Letter at 1.

However, defendants' position, if taken to its logical conclusion, would create a presumption that securities class actions should be brought in the home district of the defendant. This position is at odds with the actual text of section 27, which provides that such suits may be brought *either* "in the district wherein any act or transaction constituting the violation occurred" *or* "in the district wherein the defendant is found or is an inhabitant or transacts business."[15] Thus, while convenience of witnesses is an important factor that must be weighed in determining proper venue, convenience of defendants' *party* witnesses cannot operate to eliminate section 27's explicit provision for jurisdiction wherever any violation occurred.

Indeed, plaintiffs note that likely witnesses include not only defendants' employees but also the following: analysts and securities commentators located in New York; employees of the United States Food and Drug Administration, located in the Washington, D.C. area; employees of Laurus Master Fund, Ltd., and Midsummer Capital Ltd., both New York City-based businesses; employees of Omicron Master Trust, a Delaware limited partnership, and employees of defendants' public relations firm, which is located in New

---

[15]     15 U.S.C. § 78aa.

Jersey.[16] This factor is neutral.

## C.    Convenience of the Parties

There is no evidence that changing venue will materially affect the convenience of either party. I note that both class counsel and defendants' counsel, in addition to their Southern District of New York offices, maintain offices in Florida.[17] Indeed, because class counsel's Florida location, Boca Raton, is located in the Southern District of Florida, while defendants' counsel's Tampa office is within the Middle District of Florida, travel costs for class counsel would probably be greater if this action were transferred to the Middle District of Florida than they would be if all counsel operated out of their Southern District of New York offices. This factor slightly favors maintaining the action in the Southern District of New York.

## D.    The Situs of Operative Facts

The parties disagree as to what are the "operative facts" in this action. Plaintiffs contend that the operative facts focus on the dissemination of misleading statements through the NASDAQ National Market in New York, and that "[t]he

---

[16]    *See* Pl. Letter at 2.

[17]    *See* www.foley.com (May 8, 2005) (listing an office in Tampa, FL); www.lerachlaw.com (May 8, 2005) (listing an office in Boca Raton, FL).

events giving rise to this case are spread throughout the East Coast, Mid-Atlantic and South."[18] Defendants maintain that the "SEC reports and press releases in question were drafted and issued from the Middle District of Florida, and all decisions regarding disclosure or nondisclosure of information were made in that district."[19] Because the "operative facts" — which involve the creation and dissemination of false or misleading statements — are spread across many districts, including the Middle District of Florida and the Southern District of New York, this factor is neutral.

### E.    Interests of Justice and Judicial Economy

At this point, transfer to the Middle District of Florida would not severely impact the administration of this case, which is still in its early stages. If anything, the fact that class counsel lacks a Middle District of Florida location may lead a new judge to reopen the issue of approval of class counsel. This factor slightly favors retaining the action in this Court.

### F.    Access to Sources of Proof

Documents maintained at the GeoPharma corporate headquarters are located in the Middle District of Florida. Plaintiffs note, however, that third-party

---

[18]    Pl. Letter at 2.

[19]    Def. Letter at 2.

7

discovery will take place in New York and Washington, D.C., and that "the short class period indicates that a limited amount of discovery will be forthcoming from Defendants" themselves.[20] In any case, both parties are well-situated to duplicate and transport necessary documents to either venue at reasonable cost.[21] This factor is neutral.

## G. Availability of Process to Compel Unwilling Witnesses

Defendants' employees largely reside in the Middle District of Florida, outside the subpoena power of this Court. However, plaintiffs note that neither party has yet identified any unwilling witnesses, and assert that any such witnesses could "be adequately represented through deposition testimony."[22] In any case, any party witnesses may be compelled to testify by whichever court hears this matter.[23] Neither party has suggested that potential third-party

---

[20]    Pl. Letter at 2.

[21]    *See, e.g., Marshall Gobuty Intern. USA, Inc. v. Nike, Inc.*, No. 04 Civ. 6975, 2004 WL 2578912, at *3 (S.D.N.Y. Nov. 10, 2004) ("in this day and age," the fact of widely dispersed documents has little impact on the convenience of the parties or the choice of venue).

[22]    Pl. Letter at 3.

[23]    *See* 15 U.S.C. § 78aa ("process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found"); *see also PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, No. 96 Civ. 3669, 1997 WL 31194, at *8 (S.D.N.Y. Jan. 28, 1997) (finding that location of party witnesses did not weigh in favor of transfer under the

witnesses, who lie outside of this Court's subpoena power, are disproportionately located in Florida or New York. This factor is neutral.

## H. Relative Means and Familiarity with Governing Law

Both parties are able to proceed in either district, and both districts are familiar with federal securities law. Neither of these factors favors either party.

## I. Summary of Factors

Although the location of defendants' headquarters in the Middle District of Florida poses potential difficulties because of its distance from this Court, defendants have not made a convincing showing that such difficulties should overcome the deference due to plaintiff's choice of venue. Indeed, plaintiffs' choice is buttressed by the relative convenience of the parties' New York counsel and the judicial economy of retaining this case in this Court. Accordingly, I defer to plaintiff's choice of venue.

## III. CONCLUSION

For the foregoing reasons, defendants' motion to transfer venue to the Middle District of Florida is denied.

---

"availability of process" prong because "a court in either forum hearing this case could compel the production of both party witnesses and those documents in the control of the parties.").

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            May 11, 2005

## - Appearances -

*For Plaintiffs:*

Mario Alba, Jr., Esq.
LERACH, COUGHLIN, STOIA, GELLER, RUDMAN & ROBBINS, LLP
200 Broadhollow Road, Ste. 406
Melville, NY 11747
(631) 367-7100


*For Defendants:*

Robert A. Scher, Esq.
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
(212) 682-7474